# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

07-6050

| | |
|---|---|
| In re: Gregory A. Wilson and Lori A. Wilson, | * * * |
| Debtors | * * |
| Joyce Bradley Babin, | * * |
| Trustee - Appellant, | * * |
| v. | * |
| Gregory A. Wilson and Lori A. Wilson, | * Appeal from the United States * Bankruptcy Court for the * Western District of Arkansas |
| Debtors - Appellees | * * |
| Nancy J. Gargula, | * * |
| U.S. Trustee - Amicus on Behalf of Appellant | * * * |
| National Association of Consumer Bankruptcy Attorneys, | * * * |
| Amicus on Behalf of Appellee | * |

FILED
U.S. BANKRUPTCY COURT
EST & WST DISTS. OF ARK.
MAR 14 2008
By: JEAN ROLFS, CLERK
          DEP. CLERK

Submitted: February 27, 2008
Filed: March 14, 2008

SCHERMER, FEDERMAN, and McDONALD, Bankruptcy Judges

FEDERMAN, Bankruptcy Judge

This appeal concerns the calculation of a debtor's allowable expenses under § 707(b) of the Bankruptcy Code. The bankruptcy court held that a debtor can claim an vehicle ownership expense deduction even though the debtor owns the car outright. For the reasons that follow, we reverse.

Debtors Gregory and Lori Wilson filed a Chapter 13 case on September 29, 2006, which is subject to the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). Section 1325(b) of the Bankruptcy Code requires debtors in Chapter 13 to either pay into their plan funds sufficient to pay all of their creditors in full, or to use their best efforts by paying into the plan all of their "projected disposable income" available to them during the term of the plan.[1] Projected disposable income prior to BAPCPA consisted of a debtor's income less reasonable expenses, with the court being given broad discretion to determine the reasonableness of the debtor's claimed expenses.

Following the enactment of BAPCPA, the Bankruptcy Code now divides debtors into two categories, based on whether their income is above or below the median income for their state. For those below the median, the determination of reasonableness of expenses is largely unaffected by BAPCPA. But for those above the median, BAPCPA imposes strict limitations on various categories of expenses. In Chapter 7 cases involving above-median debtors, these limitations are applied in determining whether a debtor's case should be dismissed, since debtors who have funds available to make significant payments to their creditors in a Chapter 13 case should not be able to use Chapter 7 to discharge such debts outright. In Chapter 13 cases, those same expense limitations are used to determine how much the debtor is

---

[1] 11 U.S.C. § 1325(b).

obligated to pay to such unsecured creditors.[2] In other words, as to above-median debtors, it is those expense limitations, rather than the bankruptcy court's discretion, which determines how much in expenses a debtor is able to claim each month in calculating the amount that debtor should have left to pay to creditors. This appeal concerns the interpretation of BAPCPA's expense limitations, particularly the vehicle ownership expense.

BAPCPA requires debtors to calculate allowable expenses according to standards used by the Internal Revenue Service when it determines how much taxpayers in default are capable of paying on a monthly basis to reduce their tax debts. In relevant part, the Bankruptcy Code provides as follows:

> The debtor's monthly expenses shall be the debtor's **applicable** monthly expense amounts specified under the National Standards and Local Standards, and the debtor's **actual** monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent . . . .[3]

The IRS National Standards include items such as food, clothing, household supplies, personal care, and miscellaneous expenses. For these items, a debtor's allowable expenses are uniform, regardless where the debtor lives. Housing and transportation expenses, on the other hand, are subject to the IRS Local Standards, which vary from place to place. A third category, Other Necessary Expenses, includes such items as monthly payments on student loan debt, taxes, mandatory payroll deductions, health care, and telecommunication services. For these Other Necessary

---

[2] 11 U.S.C. §§ 1325(b)(3) and 707(b)(2).

[3] 11 U.S.C. § 707(b)(2)(A)(ii)(I) (emphasis added).

3

Expenses, a debtor is allowed to deduct the actual amount that the debtor spends on a monthly basis, without any specified limitation on such expenses.

The IRS Local Standards apply to transportation costs, which are divided into two components: ownership costs and operating costs. The Wilsons own two vehicles, a 1999 Toyota 4-Runner and a 2002 Ford pickup. The Trustee does not dispute that the Wilsons are entitled to claim operating costs of $343.00 for those vehicles, plus an extra $200 per month, per car, which the IRS allows for operating costs for older vehicles.[4]

Since neither of the Wilsons' vehicles has any debt against it, they make no car payments. Prior to the enactment of BAPCPA, or even now if the Wilsons were below the median income, they would not be entitled to deduct any ownership costs (car payments) in determining projected disposable income, since they in fact have no such expense. Nevertheless, they claim ownership deductions of $471 for the first car, and $332 for the second car, which they contend are consistent with the IRS Local Standards. If the Wilsons had not claimed these vehicle ownership expense deductions, their Form B22C would have shown projected disposable income of $432.96 per month, or a total of nearly $26,000 which would be paid to unsecured creditors over the course of a sixty month plan. If the Wilsons were required to pay in that amount, then nonpriority unsecured creditors would receive approximately 47% of the debt owed them. Instead, the Wilsons proposed a plan paying $100 per month for sixty months, most of which would go to pay their attorney, a domestic support obligation holder, and a federal tax debt. As proposed, instead of approximately 47% of the debt being paid to the nonpriority unsecured creditors, the plan would pay them a total of $250. The Chapter 13 Trustee objected to confirmation of the plan, asserting that the Wilsons were not entitled to claim the ownership expenses on their Form B22C since they incur no such expense.

---

[4] *See* Brief of Appellant at 5; Brief for the United States Trustee as Amicus Curiae Supporting Appellant at 2 n. 4.

To analyze this issue, we begin with the language of the statute. When the language is plain, the sole function of the courts is to enforce the statute according to its terms.[5] The problem here is that, although some have referred to the language in § 707(b)(2)(A)(ii)(I) as "plain," bankruptcy courts are sharply divided as to the meaning of the portion of that subsection referring to the "*applicable* monthly expense amounts specified under the National Standards and Local Standards, and the debtor's *actual* monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service . . ." The Wilsons argue, and many bankruptcy courts, including the one here, have held that if a debtor simply owns one or more vehicles, the amount specified under the Local Standards for that debtor's locality is "applicable," and may be claimed as a deduction on Form B22C.[6]

However, while bankruptcy courts have been divided on this issue,[7] the appellate courts considering this question have all concluded that a vehicle ownership expense is only applicable if a debtor is in fact incurring such an expense.[8] We agree.

---

[5] *Lamie v. United States Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004).

[6] *See, e.g., In re Vesper*, 371 B.R. 426 (Bankr. D. Alaska 2007); *In re Armstrong*, 370 B.R. 323 (Bankr. E.D. Wash. 2007); *In re Grunert*, 353 B.R. 591 (Bankr. E.D. Wis. 2006); *In re Hartwick*, 352 B.R. 867 (Bankr. D. Minn. 2006), rev'd *Fokkena v. Hartwick*, 373 B.R. 645 (D. Minn. 2007).

[7] *See In re Clark*, ___ B.R. ___, 2008 WL 444565 at *2-3 (Bankr. E.D. Wis. Feb. 14, 2008) (slip opinion) (listing numerous cases on both sides of this issue).

[8] *Wieland v. Thomas*, ___ B.R. ___, 2008 WL 597586 (D. Kan. Mar. 4, 2008) (holding that, in performing means test calculation to determine whether a Chapter 7 case was presumptively subject to being dismissed under § 707(b) (which is made applicable to above-median debtors in Chapter 13 cases by § 1325(b)(3)), debtors whose motor vehicles were owned outright, and who were not actually making any payments thereon, were not entitled to take a vehicle ownership expense as "applicable expense amounts" specified under IRS Standards); *In re Meade*, Case No. 06-31066 (W.D. Tex. Jan. 24, 2008) (holding that a debtor who does not have an ownership or finance payment on a vehicle is not eligible to claim an IRS transportation expense under § 707(b)(2)(A)(ii)(I)); *In re Dedmond*, ___ B.R. ___, 2008 WL 191165 (D. Mont. Jan. 22, 2008) (holding that § 707(b)(2)(A)(ii)(I) requires that debtors who have no vehicle lease

5

The bankruptcy court's reading here is inconsistent with how the IRS applies its own standards. The IRS Collection Financial Standards, under the heading "Transportation," provides, in relevant part: "If a taxpayer has a car payment, the allowable ownership cost added to the allowable operating cost equals the allowable transportation expense. *If a taxpayer has no car payment, or no car, only the operating costs portion of the transportation standard is used to come up with the allowable transportation expense.*"[9] Similarly, the IRS Internal Revenue Manual also requires a taxpayer to have an actual loan or lease payment obligation on a vehicle before the Local Standard ownership cost applies:

> The transportation standards consist of nationwide figures for loan or lease payments referred to as ownership cost, and additional amounts for operating costs . . . If a taxpayer has a car payment, the allowable ownership cost added to the allowable operating cost equals the allowable transportation expense. *If a taxpayer has no car payment only the operating cost portion of the transportation standard is used to figure the allowable transportation expense*. Under ownership costs, separate caps are provided for the first car and second car. *If the taxpayer does not own a car a standard public transportation amount is allowed.*[10]

---

or loan payment be allowed no applicable monthly transportation ownership expense amount); *Fokkena v. Hartwick*, 373 B.R. 645 (D. Minn. 2007) (holding that § 707(b)(2)(A)(ii)(I) does not permit a debtor who owns a vehicle outright to take the IRS ownership expense); *In re Ross-Tousey*, 368 B.R. 762, 764-67 (E.D. Wis. 2007) (holding that the word "applicable" in § 707(b)(2)(A)(ii)(I) means that "ownership expenses must exist" in the form of an actual loan or lease payment); *In re Ransom*, ___ B.R. ___, 2007 WL 4625248 (B.A.P. 9th Cir. Dec. 27, 2007) (holding that the transportation ownership expense is not available to those debtors who make no loan or lease payments on their vehicles).

[9] IRS Collection Financial Standards, *available at* http://www.irs.gov/individuals/article/0,,id=96543,00.html (*cited in Fokkena v. Hartwick,* 373 B.R. at 651) (emphasis added).

[10] Internal Revenue Service Manual, Financial Analysis Handbook, Pt. 5, ch 15, § 5.15.1.7(4.B), *available at* http://www.irs.gov/irm/part5/ch15s01.html#d0e182771 (*cited in Fokkena v. Hartwick,* 373 B.R. at 651) (emphasis added).

Although the legislative history to BAPCPA is scant and often difficult to piece together, there can be no doubt that the purpose of these amendments to §§ 707(b) and 1325(b) was to require above-median income debtors to make more funds available to their unsecured creditors, and to do so by limiting the court's authority to allow expenses. Thus, for those with incomes below the median, bankruptcy courts continue to have the authority to determine whether expenses being incurred are reasonable, without statutory restriction. A debtor with income below the median would not be allowed a deduction for vehicle ownership expense if such expense were not in fact being incurred. It would turn the logic of BAPCPA on its head to allow above-median debtors such a deduction. As one court has held:

> Congress has deemed transportation and car ownership to be among the necessities of life that a debtor is entitled to fund before he must pay back his creditors. Thus, the statute excludes these amounts from the monthly pot of money that the creditors can get their hands on. What's important, therefore, is not *how many* cars a debtor owns, but how many cars he makes *payments* on every month - it is only the *payments* that affect the debtor's ability to repay his creditors. The statute is only concerned about protecting the debtor's ability to continue owning a car, and if the debtor *already* owns the car, the debtor is adequately protected.[11]

The Wilsons argue that this holding unfairly penalizes those debtors who own older cars, since older cars require more monthly expense, and are more likely to need replacing during the course of the Chapter 13 case. However, the IRS Standards permit debtors who own old or high mileage cars "free and clear" to claim an extra $200 per month in operating expenses,[12] which the Wilsons can do in this case. In addition, § 707(b)(2)(B) allows above-median debtors to claim additional expenses based on

---

[11] *Fokkena v. Hartwick*, 373 B.R. at 651 (emphasis in original).

[12] *In re Ransom*, 380 B.R. at 808 (quoting *In re Carlin*, 348 B.R. 795, 798 (Bankr. D. Or. 2006)).

"special circumstances."[13] Demonstrating to the court that a debtor will soon need a new car may, in some instances, constitute such "special circumstances."

In addition, at oral argument the Trustee agreed that, in the event a debtor needs a new car during the course of a case, the debtor can move to modify the plan based on changed circumstances. We previously held that § 1325(b)'s "best efforts" test, which would include the projected disposable income standards, is not applicable to modified plans because § 1329 contains no reference to § 1325(b).[14] And, as the court in *In re Ireland* pointed out, BAPCPA did not change our interpretation of § 1329, particularly since BAPCPA added references to § 1325(b) in § 1329 in the context of health insurance premiums and plan length, but not as to projected disposable income.[15]

In sum, we agree with those courts which have held that debtors who do not incur vehicle ownership expenses are not permitted to claim the IRS Standard deductions for such expenses because such expenses are not applicable under § 707(b)(2)(A)(ii)(I). Because the Wilsons took the ownership deductions even though they do not have such expenses, and then proposed a plan based on the resulting projected disposable income, the bankruptcy court erred in confirming the plan. Accordingly, we reverse.

---

[13] *Id.*

[14] *In re Forbes*, 215 B.R. 183 (B.A.P. 8th Cir. 1997).

[15] 366 B.R. 27, 32-33 (Bankr. W.D. Ark. 2007).